■ The People of the State of New York, Respondent, v Junior Delarosa, Appellant. [817 NYS2d 277]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered June 8, 2004, as amended May 3, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 12 years and 4¹/₂ to 9 years, respectively, unanimously affirmed.

The court properly exercised its discretion in admitting expert testimony regarding the practices of drug dealers and police investigative procedures. This testimony helped to explain, among other things, the fact that prerecorded buy money was not recovered from defendant, but from another person, and why the police did not use a recording device during the drug transactions (see People v Brown, 97 NY2d 500, 506-507 [2002]). Since the gist of defendant's objection to this testimony was simply that it unnecessarily bolstered the People's case, he did not preserve his appellate contentions that the expert went into excessive detail about the expertise of the police and the dangerousness of drug dealers (see People v Tevaha, 84 NY2d 879 [1994]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that while the testimony exceeded the trial court's limitations on such evidence, it was not unduly prejudicial.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is without merit (see Almendarez-Torres v United States, 523

US 224 [1998]). Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.